PER CURIAM.—This cause having been heretofore submitted to the Court upon the transcript of the record of the decree aforesaid, and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby, affirmed.

All concur.

---

GEORGE HODGES, EDWIN HODGES, JANIE SAMS AND LUCIUS SAMS, HER HUSBAND, DELIA WILLIAMS AND JOHNNIE WILLIAMS, HER HUSBAND, SOLE SURVIVING HEIRS OF MOSES WHITE, DECEASED, *Appellants*, v. VAN C. SWEARINGEN AND ALICE SWEARINGEN, HIS WIFE, MARTIN PADGETT AND MARY PADGETT, HIS WIFE, AND WILLIAM R. THOMPSON AND EVA LINA THOMPSON, HIS WIFE, *Appellees*:

Decision Filed February 1, 1921.

An Appeal from a Decree of the Circuit Court within and for the County of Duval; George Couper Gibbs, Judge.

*Burton Barrs* and *Thomas B. Adams,* for Appellants;

*Wm. C. Guthrie* and *Axtell & Rinehart, for Appellees.*

PER CURIAM.—This cause having been heretofore sub-

mitted to the Court upon the transcript of the record of the decree aforesaid, and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said Decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby, affirmed.

All concur.

---

J. R. McDANIEL, *Plaintiff in Error*, v. J. J. HARRELL, *Defendant in Error*.

Opinion Filed February 1, 1921.

1. Where a plea to the merits is of such nature that under it a defense to the action may be proved, the plea is good and a demurrer thereto should not be sustained.

2. The judge of a court of superior or general jurisdiction is not civilly liable for his judicial acts in excess of his jurisdiction when such acts involve affirmative decisions of the fact of jurisdiction of such court, even though such decisions may be erroneous, provided there is not a clear absence of jurisdiction.

3. Judges of inferior courts, as well as judges of courts of superior and general jurisdiction, are exempt from civil liability in damages for their judicial acts, even when such acts are in excess of their jurisdiction, provided there is not a clear absence of jurisdiction.